IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CORY DEAN RENAUD,

                              Plaintiff,                          OPINION & ORDER

    v.

                                                              14-cv-381-jdp

VILAS COUNTY, WISCONSIN, and
STATE OF WISCONSIN,

                             Defendants.

---

      Pro se prisoner Cory Renaud has filed a proposed complaint under 42 U.S.C. § 1983 in which he alleges that several Vilas County, Wisconsin officials violated his constitutional rights in the course of prosecuting him for expelling bodily fluids at a public safety officer. Dkt. 1. Specifically, plaintiff alleges that a Vilas County assistant district attorney initiated criminal proceedings out of spite, that the two officers who testified against him lied under oath, and that there was insufficient DNA or other evidence presented at his trial from which to find him guilty beyond a reasonable doubt. Plaintiff contends that his resulting incarceration is therefore unlawful and he seeks monetary damages from defendants Vilas County and the State of Wisconsin. With his proposed complaint, plaintiff has filed a "notice of motion—motion for post conviction DNA testing and for effective legal counsel." Dkt. 4.

      Plaintiff has made an initial partial payment of the filing fee under 28 U.S.C. § 1915(b)(1). The next step in this case is for the court to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521

(1972). After reviewing the complaint with this principle in mind, I conclude that plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and thus I will dismiss his complaint without prejudice. I will also deny as moot plaintiff's motion for DNA testing and recruitment of counsel.

ALLEGATIONS OF FACT

Plaintiff is currently a prisoner at the Green Bay Correctional Institution. His complaint provides a relatively sparse account of the factual background in this case. He does not, for example, provide dates for any of the alleged unlawful conduct. Instead, much of plaintiff's complaint consists of identifying Wisconsin criminal statutes and administrative codes that he contends Vilas County officials violated during his criminal prosecution. Plaintiff also offers tangential allegations about being harassed in public and subjected to unreasonable searches and seizures by police officers. From his complaint, I am able to ascertain the following relevant facts.

David Breedlove, a Vilas County assistant district attorney, charged plaintiff with expelling bodily fluids at "Alleged Sherriff" Mike Olkowski and Jail Administrator Bill Weiss. The charge appears to have stemmed from plaintiff spitting on or at the two officials, in violation of Wis. Stat. § 941.375(2). Plaintiff alleges that, at trial, neither Olkowski nor Weiss "could provide DNA or evidence beyond a reasonable doubt [that he] had spit on either officer." Dkt. 1, at 3. Plaintiff further states that because the officers gave false testimony, he was deprived of a fair trial and an opportunity to prove his innocence by reason of mental illness.

In addition to alleging that these violations have led to his false imprisonment, plaintiff explains that he has been "abused, mistreated, and used" because of how Vilas County law enforcement officials defamed his character. He has been harassed in public, stopped and patted

down by police officers, and treated in a malicious, stereotypical, and retaliatory manner due to the way he dressed, talked, and walked. It is unclear when these incidents occurred and whether they resulted *from* his allegedly unlawful conviction or resulted *in* his prosecution. Regardless, plaintiff's primary concern in this case appears to be his allegedly unlawful confinement and he does not explain how these additional allegations are relevant to that concern.

Plaintiff's complaint concludes by listing several Wisconsin criminal statutes that he believes Breedlove, Olkowski, and Weiss violated. Plaintiff also alleges that they violated Chapter 5 of the Wisconsin Administrative Code, which defines and prohibits unprofessional conduct in the practice of psychology. Plaintiff does not allege, however, that Breedlove, Olkowski, or Weiss are licensed psychologists or applicants for such licensure, and so it is unclear how these regulations are relevant to this case.

ANALYSIS

Plaintiff's complaint suffers from several fundamental defects. I will address the two most serious deficiencies. First, plaintiff seeks monetary damages from the State of Wisconsin, a named defendant in this case. The Eleventh Amendment categorically bars plaintiff's claim. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State. . . . Thus the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) ("[T]he Eleventh Amendment . . . precludes a citizen from suing a state for money damages in federal court without the state's consent."). Wisconsin has not waived its immunity for claims under § 1983, and so plaintiff's case against the state may not proceed.

The second, and more serious flaw in the complaint, is that plaintiff is effectively launching a collateral attack on his prison sentence in the form of an action under § 1983. This court cannot entertain such a challenge unless plaintiff's prison sentence has first been expunged or invalidated. The Supreme Court has held that a plaintiff convicted or sentenced for an offense cannot bring an action under § 1983 when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," save when "the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck,* 512 U.S. at 487; *see also Miller v. Ind. Dep't of Corr.,* 75 F.3d 330, 331 (7th Cir. 1996) ("[W]hen a prisoner seeks damages under federal civil rights law for 'harm caused by actions whose unlawfulness would render a conviction or sentence invalid,' the prisoner must as a condition of maintaining the suit show that the conviction or sentence has been invalidated either by the state which rendered it, or by a federal court in a proceeding for habeas corpus.") (quoting *Heck,* 512 U.S. at 486).[1]

Here, plaintiff claims that Olkowski and Weiss offered false testimony at his criminal trial and that there was insufficient evidence to find beyond a reasonable doubt that he was guilty of any offense. Success on these claims would necessarily invalidate plaintiff's underlying conviction and sentence, neither of which plaintiff has alleged to have been set aside by a Wisconsin or federal court. Plaintiff therefore cannot maintain his present suit under § 1983. Instead, plaintiff's avenue of relief is likely an application for a writ of habeas corpus (or the

---

[1] A review of the publicly available docket sheets from plaintiff's criminal cases confirms that he has two different convictions for expelling bodily fluid onto others. He is currently incarcerated for these offenses and his sentence has not yet been discharged. Thus, he is still able to file a petition for a writ of habeas corpus. *See Burd v. Sessler*, 702 F.3d 429, 435 (7th Cir. 2012) *cert. denied*, 133 S. Ct. 2808 (2013) ("Once [plaintiff's] supervised release expires, any subsequent habeas corpus petition may be foreclosed due to failure to meet the 'in custody' requirement at the time of filing.").

state court equivalent). The Seventh Circuit has explained the difference between a § 1983 suit and a habeas proceeding under 28 U.S.C. § 2254, noting that generally,

> [i]f a prisoner seeks by his suit to shorten the term of his imprisonment, he is challenging the state's custody over him and must therefore proceed under the habeas corpus statute with its requirement of exhausting state remedies, while if he is challenging merely the conditions of his confinement his proper remedy is under civil rights law, which . . . does not require exhaustion.

*Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991).

Even though plaintiff's claims could form the basis for an application for a writ of habeas corpus, I am not authorized to "convert" his complaint into such an application. *See Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002) ("[W]e must look at the court's decision to change the kind of case [that the plaintiff] was bringing from an action for declaratory judgment to a habeas corpus petition. We have held on several occasions that the district courts should not do this, even if the *pro se* litigant has mistaken the nature of her claim."). I must therefore dismiss plaintiff's complaint, in its entirety, without prejudice. Plaintiff is free to recast these claims as a collateral attack on his conviction, provided that he satisfies the prerequisite requirements for initiating such a challenge under the appropriate state or federal statute. Plaintiff is equally free to renew this suit under § 1983—paying attention to the Eleventh Amendment issues discussed above—should a collateral attack on his sentence eventually prove successful.

Because I conclude that plaintiff's entire complaint must be dismissed, I need not address the additional motions that he has filed in this case. I deny them as moot.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED, without prejudice, because his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

2. Plaintiff's "notice of motion—motion for post conviction DNA testing and for effective legal counsel," Dkt. 4, is DENIED as moot.

3. Plaintiff is reminded that he must pay the remainder of the filing fee.

4. The clerk of court is directed to close this case.

Entered this 21st day of October, 2014.

                              BY THE COURT:

                              /s/

                              JAMES D. PETERSON
                              District Judge